UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE A SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | CASE NO. 23-mc-45 MJP<br><br>ORDER ENFORCING SUBPOENA |

This matter comes before the Court following Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor's Petition to Enforce an Administrative Subpoena against Starbucks Corporation ("Starbucks"). The Court previously issued an Order to Show Cause why the subpoena should not be enforced. (Dkt. No. 3.) Having reviewed Starbucks's Response (Dkt. No. 16), the Reply (Dkt. No. 18), and all other relevant materials, the Court GRANTS the Motion to Enforce.

...

## BACKGROUND

In August 2021, Starbucks employees in Buffalo, New York petitioned for an election to be conducted by the National Labor Relations Board to determine whether they should be represented by a union. (Response at 3.) Starbucks discussed the issue with its employees and sent some corporate officers and a former Starbucks CEO to Buffalo to do so. (Id.; Memorandum to Petition ("Memo") at 3 (Dkt. No. 1-1).) Starbucks also allegedly created a website to address the union organizing campaign. (Memo at 4.)

In response, the Office of Labor-Management Standards ("OLMS"), as part of the U.S. Department of Labor, began an investigation under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S. §§ 401 et seq. Section 203 of the LMRDA requires employers to file an annual financial disclosure report of any expenditure "where an object thereof, directly or indirectly, is to interfere with, restrain, or coerce employees in the exercise of the right to organize and bargain collectively . . . or is to obtain information concerning the activities of employees or a labor organization in connection with a labor dispute . . ." 29 U.S.C. § 433(a)(3). Under section 601(a) of the LMRDA, the Secretary may conduct an investigation to determine whether any person has violated or is about the violate the LMRDA. See 29 U.S.C. §521(a). OLMS initiated an investigation under section 601 to determine whether Starbucks violated the reporting requirements of section 203(a) of the LMRDA. (Petition at 3.)

On March 8, 2023, OLMS served a subpoena duces tecum on Starbucks. (Petition at 3.) The Subpoena requests "documents related to travel expenditures Starbucks may have paid to send [former CEO] Howard Schultz, corporate officers, and managers . . . to Buffalo, travel agendas, records related to meetings that the individuals who traveled held with employees in Buffalo, and records related to any bonuses Starbucks paid to employees and officers who

traveled to Buffalo. (Memo at 4.) The Subpoena also requests records of any expenditures Starbucks made to create and maintain a website addressing the union organizing and job descriptions of the individuals who traveled to Buffalo. (Id.) According to OLMS, the investigation is being conducted to determine whether Starbucks has complied with the employer disclosure and reporting requirements of section 203(a) of the LMRDA. (Reply at 4.)

Starbucks's original production deadline was April 8, 2023. (Memo at 5.) The Acting Secretary extended the production deadline three times to allow the parties to meet and confer over the Subpoena, but the parties did not reach an agreement. The Acting Secretary and OLMS now move this Court to enforce the Subpoena.

## ANALYSIS

A. Starbucks's Reply and Petitioner's Surreply

Before the Court addresses the merits of the petition, it must first address Starbucks's Reply and OLMS's Surreply. When the Court issued its Order to Show Cause, it outlined a briefing schedule for the parties to follow. Specifically, Starbucks was to file a response to the Acting Secretary's Petition by no later than July 31, 2023. (OSC at 2.) Following this, the Acting Secretary had until August 7, 2023 to file a Reply brief. (Id.) The Court did not invite Starbucks to file a Reply brief after the Acting Secretary's Reply brief. Nor did Starbucks seek leave to file a Surreply. Rather, it seems Starbucks attempts to convert its Response into a Motion to Quash. But this action was brought before the Court on the Acting Secretary's Petition to Enforce, not a Motion to Quash. And Starbucks cannot retroactively turn a response brief into a Motion to Quash and set a new briefing schedule.

The Court treats Starbucks's Reply as a Surreply. Pursuant to Local Rule 7(g) a party must file notice of intent to file a surreply and a party may only file a surreply to strike material

contained in the reply brief. LCR 7(g)(1)(2). Finally, the surreply must not exceed three pages. LCR 7(g)(3). Starbucks followed none of these requirements. The Court therefore STRIKES Starbucks's surreply, and finds Acting Secretary's Motion to File Surreply moot.

B.      Legal Standard

The scope of the judicial inquiry in an agency subpoena enforcement proceeding is quite narrow. E.E.O.C. v. Fed. Exp. Corp., 558 F.3d 842, 848 (9th Cir. 2009) (internal citation omitted). A court determines only: (1) whether Congress has granted authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation. Id. (internal citation omitted). "If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena is "too indefinite," has been issued for an "illegitimate purpose," or is unduly burdensome." EEOC v. Children's Hosp. Med. Ctr., 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), overruled on other grounds as recognized in Prudential Ins. Co. v. Lai, 42 F.3d 1299, 1303 (9th Cir. 1994); see also, United States v. Morton Salt Co., 338 U.S. 6732, 652-653 (1950) ("The gist of the protection is in the requirement . . . that the disclosure sought shall not be unreasonable" (internal quotation marks omitted)). The Court finds the Acting Secretary properly demonstrates she has met this test.

1.      The Acting Secretary Has the Authority to Investigate

Under 29 U.S.C. § 521, the Secretary has the power to investigate in order to determine whether any person has violated or is about to violate any provision of the LMRDA. 29 U.S.C § 521(a). This includes signing subpoenas, administering oaths and affirmations, questioning witnesses, and inspecting records and evidence. See 29 U.S.C. § 521(b).

1   Starbucks does not contend that the Secretary does not have the power to conduct an
2   investigation, but does question the Acting Secretary's ability to investigate. (Response at 8.)
3   This argument is without merit. As the Acting Secretary correctly points out, 29 U.S.C. § 552
4   allows for a Deputy Secretary of Labor to perform the duties of the Secretary of Labor if the
5   Secretary dies, resigns or is removed. The Senate confirmed Acting Secretary Su as the Deputy
6   Secretary on July 13, 2021 and she began serving as Acting Secretary of Labor on March 11,
7   2023, when Secretary of Labor Martin Walsh resigned. See PN 122 Nomination of Julie A. Su
8   for Department of Labor, 117th Congress (2021- 2022). The Court finds Acting Secretary Su has
9   the Authority to investigate.

       2.      OLMS Properly Followed the Procedural Requirements

There is no question and Starbucks does not dispute that OLMS followed proper procedure in issuing the Subpoena. Sections 601 and 607 give the Secretary of Labor authority to delegate (1) her investigatory and subpoena powers to subordinate officers of her department and (2) her investigatory powers to other departmental agencies. See 29 U.S.C. § 521; 29 U.S.C. § 527. In this instance, Chad Markham, the Supervisory Investigator for the San Francisco-Seattle District Office of OLMS issued the Subpoena pursuant to the authority delegated to OLMS District Directors by the Director of OLMS. (Declaration of Chad Markham at ¶¶ 1, 17 (Dkt. no. 1-7).) The Court finds OLMS properly followed procedure in issuing the Subpoena.

       3.      The Information Sought is Relevant

"[C]ourts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." Fed. Ex., 558 F. 3d at 854 (internal citation omitted). "Relevancy is determined in terms of the investigation rather in terms of evidentiary relevance." Id. And the relevancy requirement is "not especially

1 constraining." E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 68 (1984). Rather, "courts have generously construed the term 'relevant' and have afforded [agencies] access to virtually any material that might cast light on the allegations against the employer." Id.

Starbucks's main argument is that the Subpoena requests information that is irrelevant to any lawful purpose of the agency. This argument is based on Starbucks's contention that OLMS changed its policy in violation of the Administrative Procedure Act ("APA"), the LMRDA, and the First Amendment, and therefore is not lawful. These arguments fail.

The Supreme Court previously explained that an agency "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." Morton Salt, 338 U.S. at 642-43. An agency does not even need probable cause to justify issuance of a subpoena. See United States v. Powell, 379 U.S. 48, 57 (1964) (citing the "general rejection of probable cause requirements in [administrative subpoenas] involving other agencies"). And a party may not avoid an administrative subpoena on the ground that it has a valid defense to a potential subsequent lawsuit, unless the defense raised is "jurisdictional in nature – i.e., when the agency lacks jurisdiction over the subject of the investigation." E.E.O.C. v. Karuk Tribe Hous. Auth., 260 F.3d 1071, 1077 (9th Cir. 2001).

Starbucks makes many arguments regarding an alleged change in OLMS's enforcement policy. All of them are iterations that it is not required to file a report under section 203, and all fail because the underlying policy is irrelevant at this stage. Starbucks contends that section 203(a) does not require reporting of "any compensation paid by an employer to itself as the employer or to regular officers, supervisors and other employees for their services." (Response at 9.) Starbucks equates compliance with the Subpoena with a report under section 203(a).

1    Starbucks's main argument is that the Subpoena violates the APA and the LMRDA
2    because any finding that it is required to file a report under section 203(a) is a departure from
3    previous policy and is arbitrary and capricious under the APA or should have been subject to a
4    notice and comment period as required by the APA. (See generally, Response at 8-14.)
5    Starbucks's argument is flawed and relies on a potential defense that it may have if OLMS finds
6    Starbucks is required to provide reports. In support of its argument Starbucks cites to Int'l Union,
7    United Auto., Aerospace & Agr. Implement Workers of Am. v. Dole, 689 F.2d 616, 620 (D.C.
8    Cir. 1989), for the premise that the D.C. Circuit previously rejected an attempt to compel the
9    DOL to require reporting for the prorated shares of supervisors' salaries that are attributable to
10   unfair labor practices. Starbucks claims that in that case OLMS's stance was that any attempt to
11   require employers to disclose and report payments to officials, supervisors and/or employees
12   pursuant to Section 203(e) was "impracticable" and argues that OLMS cannot change that
13   position without following the requirements of the APA, which it has not done. (Response at 10.)
14   But the issue before the Court is not whether OLMS has changed its policy in violation of the
15   APA, it is whether the material sought is relevant to its investigation. If OLMS ultimately
16   determines that Starbucks was required to produce reports, then Starbucks may argue that this
17   requirement is a departure from previous policy. But for the purposes of enforcing a subpoena
18   any argument that OLMS changed its reporting requirements is irrelevant.
19   Starbucks's citations to Karuk, and Peters v. United States, 853 F.2d 692, (9th Cir. 1988),
20   similarly do not help it. Starbucks cites to Karuk and Peters to argue that OLMS's investigation
21   would not be authorized under the APA due to an improper reversal of its prior enforcement
22   policy. (Response at 11.) But Karuk and Peters are inapposite. In Karuk, the Ninth Circuit
23   declined to enforce an Equal Employment Opportunity Commission ("EEOC") administrative
24

subpoena under the Age Discrimination in Employment Act ("ADEA") on the Karuk Tribe. The Ninth Circuit found that the ADEA does not apply to Indian tribes and therefore the EEOC is without regulatory jurisdiction to enforce a subpoena under the Act against the Tribe. 260 F.3d at 1078-83. In Peters, the Immigration and Naturalization Service (INS) sought to enforce a third-party subpoena on a labor camp. The subpoena requested tenant files that were blanket John Doe subpoenas. 853 F.2d at 694. The question before the Ninth Circuit was whether Congress authorized the INS to issue blanket John Doe subpoenas to enforce the Immigration and Nationality Act. Id. at 695. The Ninth Circuit found that although third-party summonses were important investigatory tools, the language in the Act did not provide any basis to infer that Congress intended the INS to possess the authority to issue John Doe subpoenas. Id. at 698-70. Neither Karuk nor Peters is applicable here. There is no doubt that OLMS has regulatory jurisdiction over Starbucks with respect to the LMRDA, and the subpoena is within OLMS's statutory authority to issue.

Starbucks's argument that the Subpoena should be quashed because the new enforcement policy was adopted without the proper notice and comment period as required by the APA also fails because it similar argues the merits of the underlying case. Whether or not OLMS changed its policy to enforce reporting is irrelevant at this stage. OLMS has the ability to investigate to determine whether or not reports were required. If it determines reports were required and launches an action against Starbucks, Starbucks can raise this defense. However, OLMS is not required to have a notice and comment period when issuing a subpoena.

Finally, Starbucks argues that the Subpoena should be quashed because the records are protected from disclosure by section 203(e) of the LMRDA, and the Subpoena constitutes a retroactive change in policy. (Response at 15-19.) These arguments again ask the Court to

determine the underlying issue of whether Starbucks was required to make a report or whether the activities were exempt. But as the Court has already explained, OLMS may investigate in order to make that determination. And an investigation is not the same as requiring a report, nor is the production of documents the same as a report even if those documents would later inform such a report. Absent the investigation phase, agencies and the courts reviewing agency decisions would have nothing to review and make determinations on. Because Starbucks has failed to show the information requested is irrelevant to a lawful purpose, its arguments fail. The Court finds the Acting Secretary has shown the information is relevant.

    4.    The Information Sought is Reasonable

In addition to the three-part test outlined by the Ninth Circuit, the Supreme Court has held that there is also a Fourth Amendment reasonableness inquiry that must be satisfied. See Morton Salt, 338 U.S. at 652-63 ("[I]t is sufficient [for Fourth Amendment purposes] if the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sough is reasonably relevant.") If the agency issuing the subpoena meets the three-part test, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome. Id.; Gen. Ins. Co. of Am. v. E.E.O.C., 491 F.2d 133, 136 (9th Cir. 1974). Starbucks does not argue that the Subpoena is overbroad or unduly burdensome. The Court finds the information sought is reasonable.

C.    Starbucks's First Amendment Argument

Lastly, Starbucks argues that the Subpoena seeks to compel speech in violation of the First Amendment. (Response at 14.) This argument is unconvincing.

Starbucks contends strict scrutiny applies when the government seeks to compel disclosures pertaining to "controversial" speech. (Response at 14.) There are several problems

1  with this argument. First, Starbucks makes no argument that the disclosure of documents
2  amounts to speech, let alone compelled speech under the First Amendment. Second, though
3  Starbucks cites to two out of circuit cases where courts found the speech at issue in those cases
4  controversial in nature, Starbucks does not explain why the production of documents such as job
5  descriptions, travel expenditures, agendas, and other records, are controversial. (Id.)

6  Starbucks's also argues that the Subpoena would interfere with its right to communicate
7  with employees. This argument is attenuated at best. Starbucks does not explain how producing
8  these documents would interfere with its ability to communicate with employees. It does not
9  allege the documents will be made public, are confidential or even contain sensitive material.
10 Though Starbucks points to an Eastern District of California case for the premise that the "mere
11 potential" of harm "may have a chilling effect on First Amendment rights," it fails to argue what
12 "mere potential" of harm exists for it in this circumstance.

13 Finally, Starbucks again argues that OLMS changed its reporting requirements and that
14 the new reporting requirements compel speech in violation of the First Amendment. But as the
15 Court explained previously, even if OLMS has expanded LMRDA's reporting requirements, that
16 is not the issue in front of the Court. The issue is whether to enforce a subpoena that requests
17 documents that OLMS may use to determine whether or not a report is required. Though these
18 documents may be used by OLMS in finding a report is required, the documents themselves are
19 not the same as an official report.

20 Because Starbucks fails to explain how the production of documents amounts to
21 compelled speech in violation of the First Amendment, the Court finds this argument fails.

**CONCLUSION**

The Court finds that the Acting Secretary has properly demonstrated that she (1) has authority to investigate; (2) that her delegates properly followed procedure in issuing the Subpoena; and (3) that the information sought is relevant and material to the investigation. Additionally, the request is reasonable. The Court GRANTS the Acting Secretary's Petition to Enforce.

Starbucks is hereby ORDERED to respond to the Subpoena and produce all documents requested withing 14 days.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 4, 2023.

Marsha J. Pechman
United States Senior District Judge